UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXETER TOWNSHIP, | : |
| Plaintiff, | : |
| v. | : No. 5:17-cv-2709 |
| CHERYL FRANCKOWIAK, | : |
| Defendant. | : |

# **O P I N I O N**

**Franckowiak's Motion to Voluntarily Dismiss Counterclaims, ECF No. 15 – Granted
Exeter Parties' Motion for Judgment on the Pleadings, ECF No. 14 – Denied**

**Joseph F. Leeson, Jr.**                                                                                              **February 21, 2018**
**United States District Judge**

       Currently pending before the Court are two motions: (1) Defendant Cheryl Franckowiak's Motion to Voluntarily Dismiss without prejudice her counterclaims against Plaintiff Exeter Township and the Exeter Township Board of Supervisors, Lisa VanderLaan, William "Chip" White, and Jeffrey Bukowski (collectively, with the Township, "the Exeter Parties"), ECF No. 15; and (2) the Exeter Parties' Motion for Judgment on the Pleadings with respect to those same counterclaims, ECF No. 14. At the outset, an overview of the timeline of the relevant filings in this matter is helpful to understand the context of these two motions.

       In June 2017, Exeter Township commenced this action by filing a complaint against Franckowiak, a former Township employee, alleging that she illegally accessed Township data and breached her fiduciary duty to the Township. ECF No. 1. On August 9, 2017, Franckowiak timely answered the complaint and asserted counterclaims for (1) an abuse of process against the Township and (2) a conspiracy to abuse process against the Exeter Parties. ECF No. 8. On

August 30, 2017, the Exeter Parties filed separate answers to Franckowiak's counterclaims. ECF Nos. 9-12. Two days later, on September 1, counsel for the Exeter Parties sent a letter to Franckowiak's counsel enclosing a draft Rule 11 motion and a supporting brief for sanctions against Franckowiak, her counsel, and her counsel's law firm, contending that Franckowiak's counterclaims were baseless. *See* Franckowiak's Mem. Supp. Mot. Ex. B, ECF No. 15-3. Approximately two weeks after that, on September 14, the Exeter Parties filed a Motion for Judgment on the Pleadings with respect to Franckowiak's counterclaims. ECF No. 14. On September 19, eighteen days after being served with the Exeter Parties' draft Rule 11 Motion, Franckowiak filed the present Motion to Voluntarily Dismiss her counterclaims without prejudice. ECF No. 15.

The case involves the interaction of Federal Rules of Civil Procedure 11 and 41. Federal Rule of Civil Procedure 11(b) provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A motion for sanctions for conduct that allegedly violates Rule 11(b) "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected

within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The purpose of this 21-day safe harbor provision "is to give parties the opportunity to correct their errors." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008).

Under Federal Rule of Civil Procedure 41(a)(1), a party may dismiss an action without a court order by filing either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or (ii) a stipulation of dismissal signed by all parties. But where, as here, the opposing parties have already filed answers and the parties have been unable to agree on a stipulation of dismissal, "an action may be dismissed at the [claimant's] request only by court order, on terms that the court considers proper," under Rule 41(a)(2).

In their Motion for Judgment on the Pleadings, the Exeter Parties contend that Franckowiak's counterclaims should be dismissed with prejudice because: (1) the Exeter Parties are immune from suit; (2) the individual Defendants cannot conspire with the Township or the Board; (3) the document on which the counterclaims are based—a proposed settlement agreement—is inadmissible; and (4) Franckowiak has failed to allege that she suffered any harm as a result of the Exeter Parties' alleged abuse of process.

Franckowiak has not responded to any of these contentions. Rather, she argues that she has an absolute right to withdraw her counterclaims without prejudice under the 21-day safe harbor of Rule 11, which she exercised when she filed her Motion to Voluntarily Dismiss her counterclaims without prejudice eighteen days after being served with the Exeter Parties' draft Rule 11 motion. In the alternative, she contends that even if she does not have an absolute right to dismiss her claims without prejudice, she should nevertheless be permitted to do so under Rule 41(a)(2), which, as set forth above, provides that an action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper."

The authorities Franckowiak cites do not show that she has an "absolute right" to withdraw her claims without prejudice. It is undisputed that Franckowiak filed her Motion within the 21-day safe harbor period provided for by Rule 11. But, as explained above, because the Exeter Parties had already filed answers to her counterclaims, Franckowiak is no longer able to dismiss those claims without a court order. Accordingly, the Court must consider under Rule 41(a)(2) whether it is appropriate to grant Franckowiak's request to permit her to voluntarily dismiss her claims without prejudice.

The courts have adopted a "liberal policy" with respect to Rule 41 motions for voluntary dismissal. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). Ordinarily, such motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Id.* Courts have considered the following factors to determine whether such a dismissal is proper:

> (1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for the current trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss; and (5) whether the attempt at dismissal is designed to evade federal jurisdiction and frustrate the purpose of the removal statute.

*Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 715 (E.D. Pa. 2005). "Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial." *Yazzie v. GlaxoSmithKline LLC*, No. 12-1006, 2013 WL 3993455, at *2 (E.D. Pa. Aug. 5, 2013). By contrast, "[i]f the motion is made at an early stage of the case, before much has happened and only limited resources have been invested, it is more likely to be granted." *Barron v. Caterpillar, Inc.*, No. CIV. A. 95-5149, 1996

WL 460086, at *3 (E.D. Pa. Aug. 7, 1996) (quoting Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2364 (1995)).

Here, as mentioned above, Franckowiak diligently filed her Motion to Voluntarily Dismiss her counterclaims within the 21-day safe harbor period afforded by Rule 11. This was at a very early stage of the case, at which point Franckowiak's suit against the Exeter Parties had not progressed at all. The Exeter Parties have not shown the existence of any prejudice other than the prospect of a second lawsuit. Accordingly, Franckowiak's Motion to Voluntarily Dismiss Her Counterclaims Without Prejudice is granted, and the Exeter Parties' Motion for Judgment on the Pleadings with respect to those counterclaims is denied as moot.

Having granted Franckowiak's motion to voluntarily withdraw her counterclaims, the Court must next consider the Exeter Parties' request to award them the attorneys' fees and costs they expended in defending against these counterclaims. *See* Exeter Parties' Br. Opp'n 17-20, ECF No. 23-1. "There is no question that Rule 41(a)(2) authorizes a court to award costs and attorneys' fees as a condition of voluntary dismissal and numerous courts have done so where a voluntary dismissal has been granted without prejudice." *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982). "The purpose of the awards in such cases is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy." *Id.* The Court declines to award fees and costs in this case, in light of the fact that Franckowiak moved to dismiss her claims within the 21-day safe harbor period, at a time when her claims had not progressed at all. *See Young v. Johnson & Johnson Corp.*, No. CIV.A.05-2393, 2005 WL 2886218, at *7 (E.D. Pa. Nov. 2, 2005) (declining to award costs and fees on the granting of a motion to dismiss without prejudice pursuant to Rule 41(a)(2) when the plaintiffs moved to voluntarily dismiss their claims early in the case).

Accordingly, for the reasons set forth above, Franckowiak's Motion to Voluntarily Dismiss Her Counterclaims without Prejudice is granted, the Exeter Parties' Motion for Judgment on the Pleadings is denied as moot, and the Court declines to order that Franckowiak pay the Exeter Parties' fees and costs. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge