UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXETER TOWNSHIP, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:17-cv-2709 |
| | : | |
| CHERYL FRANCKOWIAK, | : | |
| | : | |
| Defendant. | : | |

# **O P I N I O N**

**Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 53 – Denied**

**Joseph F. Leeson, Jr.**                                                                               **April 20, 2018**
**United States District Judge**

**I.**     **Introduction**

Plaintiff Exeter Township has filed a Motion for Leave to Amend its Complaint. ECF No. 53. For the reasons set forth below, the Motion is denied because the proposed amendments would cause undue prejudice to Defendant Cheryl Franckowiak.

**II.**     **Background**

**A.**     **The Township's initial Complaint**

The Township filed its Complaint in this matter in June 2017 against Franckowiak, who was employed as the Township Zoning Officer from 2002 through April 2016, when the Township terminated her employment. *See* Compl. ¶ 8, ECF No. 1. The Complaint asserts five claims against Franckowiak, based primarily on conduct alleged to have occurred during her period of employment with the Township.

In Counts I and II of the Complaint, the Township alleges that Franckowiak violated the federal Stored Communications Act and Pennsylvania's Stored Communications Act (hereinafter

1
042018

"the Stored Communications Acts") when she accessed the email account of a former Township employee without authorization and accessed the Township server to erase information without authorization.

In Count III of the Complaint, the Township asserts a trespass to chattels claim against Franckowiak, alleging that she intermeddled with the above-mentioned email account and server, as well as with files stored on a cell phone that had been provided to her by the Township. In Count IV of the Complaint, the Township asserts a claim of conversion, alleging that Franckowiak stole, misappropriated, or deprived the Township of its ownership of the contents of the cell phone and the server.

Finally, in Count V of the Complaint, the Township asserts a claim of breach of fiduciary duty, alleging that Franckowiak breached her duties to the Township as a public officer when she abused her Township position for personal gain. In particular, the Township alleges that Franckowiak improperly approved zoning applications and requests submitted by Ryan Smith, President of Supportive Concepts for Families, Inc., ("Supportive Concepts"), a provider of services for persons with disabilities, in order to secure future employment with Supportive Concepts. *See* Compl. ¶¶ 12-25. In addition, the Township alleges that Frankcowiak further breached her duties when she accessed the above-mentioned email account, failed to process zoning applications and deposit checks, and deleted files from the cell phone and server.

**B.     The Court's Scheduling Order and Discovery Orders**

The Rule 16 Scheduling Order in this case, filed on September 29, 2017, set December 26, 2017, as the deadline for fact discovery and directed that any motion to amend the pleadings or join parties should be filed no later than thirty days before the close of fact discovery. ECF No. 19. In an order issued on January 11, 2018, the Court extended the deadline for fact

2
042018

discovery from December 26, 2017, to January 31, 2018. ECF No. 41. In a letter dated February 12, 2018, Franckowiak, through counsel, informed the Court that the Township had informed her that it intended to file a motion to join Eric Gardecki, a former Township employee, as a defendant in this matter, and she stated several objections to this proposal. The Township, through counsel, responded with a letter dated February 20, stating that it did, indeed, intend to file a motion to join Gardecki as a defendant, based on statements Gardecki had made during his deposition on February 1, 2018. On February 23, following a telephone conference with the parties concerning this and other disputes, the Court issued an order directing the Township to file any motion to amend the Complaint to join Gardecki as a defendant no later than February 27. ECF No. 51.

**C.    The Township's Proposed Amendments and Franckowiak's Opposition**

On February 26, the Township filed the present Motion, seeking to amend its Complaint to join Gardecki as a defendant and to add factual allegations against Franckowiak concerning the alleged breach of her fiduciary duties. With respect to Gardecki, the Proposed Amended Complaint alleges the following facts. Gardecki held the position of Township IT Administrator from 2001 through his termination on April 13, 2016. Prop. Am. Compl. ¶ 53, ECF No. 54. On the day before his termination, Gardecki "intentionally made a copy of the Township's cloud-based server, which contained highly sensitive and confidential information, to an external hard drive owned by the Township." *Id.* ¶ 54. Gardecki stole the external hard drive, as well as two additional hard drives owned by the Township, also containing Township-owned materials, and he did so only "for personal reasons and to assist Ms. Franckowiak in her efforts to harm the Township." *Id.* ¶¶ 55, 57. In November 2017, Gardecki received a subpoena in this matter, which the Township served on him as a third-party witness. *Id.* ¶ 64. Although Gardecki knew, at the

time he was served with the subpoena, that he still had the hard drives in his possession, he did not return the property to the Township until December 20, 2017. *Id.* ¶¶ 65-66. On the basis of these allegations, in Counts I and II of the Proposed Amended Complaint, the Township asserts that Gardecki violated the Stored Communications Acts, and in Counts III, IV, and V of the Proposed Amended Complaint, asserts claims of trespass to chattels, conversion, and breach of fiduciary duty against Gardecki.

With respect to Franckowiak, the Township proposes adding the following allegations to its initial Complaint. First, "[t]hroughout Ms. Franckowiak's employment with the Township, [she] engaged in conversations with Mr. Gardecki regarding her intent to act as a whistleblower against the Township," and "[d]uring these conversations, [she] made various false and disparaging misrepresentations relating to the Township in an effort to harm the Township." *Id.* ¶¶ 58-59. Further, "[a]s a direct result of such conversations, Mr. Gardecki was motivated to and did steal the [hard drives] to benefit Ms. Franckowiak in her efforts to harm the Township." *Id.* ¶ 60. Franckowiak subsequently "became aware that Mr. Gardecki stole the [hard drives] on or about April 16, 2016" but "failed to notify the Township that Mr. Gardecki possessed the [hard drives]." *Id.* ¶¶ 61, 63.[1]

The Township asserts that this alleged conduct—"making disparaging and false claims about the Township in an effort to harm the Township" and "failing to notify the Township that Mr. Gardecki possessed the Stolen Township Property"—constituted further breaches of Franckowiak's fiduciary duties as a public officer, in addition to those breaches alleged under Count V of the initial Complaint. *See id.* at ¶ 136.

---

[1] The Proposed Amended Complaint alleges that as of April 16, 2016, Franckowiak "was still employed by the Township, as she was accepting compensation through April 22, 2016." *Id.* ¶ 62.

The Township contends that it should be permitted to amend its Complaint as described above because such amendment is appropriate under both Federal Rule of Procedure 15(a)(2), which provides in relevant part that "[t]he court should freely give leave [to amend] when justice so requires," and Rule 20(a)(2), which provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action

Fed. R. Civ. P. 20(a)(2). Specifically, with respect to Rule 15(a)(2), the Township contends that it acted diligently and in good faith in attempting to uncover Gardecki's bad acts and in bringing the present Motion, and it contends that Franckowiak will not be unfairly prejudiced by the amendment. With respect to Rule 20(a)(2), the Township contends that both its claims against Gardecki and its additional allegations against Franckowiak arise out the same occurrence and involve a common question of fact, namely Gardecki's alleged theft of the hard drives.

In response, Franckowiak opposes the proposed amendment on several grounds. First, she contends that the Township's Motion is governed by Federal Rule of Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent," because the Township failed to move for amendment of its Complaint within the deadline set forth by the Court's Scheduling Order. Second, she contends that the Township cannot show "good cause" under Rule 16(b)(4) because it was not diligent in seeking the amendment, as it knew of its potential claims against Gardecki before the deadline set forth in the Scheduling Order. Third, Franckowiak contends that even if the Township can establish "good cause" for its failure to seek amendment until after the deadline, the proposed amendment

is improper under Rule 15(a)(2) because the amendment is prejudicial, futile, and in bad faith. Finally, Franckowiak contends that the proposed amendment is improper under Rule 20(a)(2) because the claims alleged against Franckowiak and Gardecki do not arise from the same series of transactions or occurrences, nor do they involve a common question of law or fact.

**III.  Analysis**

**A.  The Township exercised diligence under Rule 16(b)(4).**

Under the Court's Scheduling Order—as amended by the January 11, 2018 order extending the close of fact discovery to January 31, 2018—the deadline for filing motions to amend the pleadings or join parties was January 1, 2018, which is thirty days before the amended deadline for fact discovery. The Court's February 23, 2018 order, directing the Township to file any motion to amend no later than February 27, did not change the Scheduling Order in this regard. Accordingly, Franckowiak is correct that the Township's proposed amendment would require an amendment of the Scheduling Order and, as such, the Township is required to show "good cause" for its proposed amendment under Rule 16(b)(4).

"The Rule 16(b)(4) good cause inquiry 'focuses on the diligence of the party seeking the modification of the scheduling order.' That is, if the moving party 'was not diligent, there is no 'good cause' for modifying the scheduling order.'" *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015) (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)).

The Court finds that the Township acted with appropriate diligence in this matter. As the Township indicates, although it received the hard drives and conducted an analysis of them by late December 2017, it was not until February 1, 2018, that it was able to question Gardecki about why he downloaded the Township server to the hard drives and kept the drives in his

home.² After Gardecki's deposition, the Township promptly wrote to Franckowiak's counsel to request permission to join Gardecki in this lawsuit. When such permission was denied, the Township promptly filed the present Motion. This conduct exhibits the diligence required by Rule 16(b)(4).

**B.     The proposed amendments would cause undue prejudice to Franckowiak.**

"[A] court determining whether to grant a motion to amend to join additional [parties] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Here, the Court begins with the more specific provisions of Rule 20(a)(2).

As indicated above, under Rule 20(a)(2) persons "may" be joined as defendants if any right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." The rule "is designed 'to promote judicial economy and reduce inconvenience, delay, and added expense.'" *Cooper v. Fitzgerald*, 266 F.R.D. 86, 91 (E.D. Pa. 2010) (quoting *Al Daraji v. Monica*, No. CIV. A. 07-1749, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 12, 2007)). "A court should generally apply a liberal approach to permissive joinder," but "because the purpose of this rule is to promote trial convenience and expedite the final determination of disputes, the district court has discretion to deny joinder pursuant to Rule 20 if it would result in prejudice, expense, or delay." *Bay v. City of Philadelphia*, No. CIV.A.03-5358, 2005 WL 950608, at *2

---

² When Gardecki returned the drives to the Township on December 20, 2017, he sent a letter stating that the drives "were used as server backup devices and taken home for safe-keeping regularly during [his] employment." Gardecki Letter, Pl.'s Mot. Ex. D, ECF No. 53-4. According to the Township, it was not until Gardecki's deposition on February 1 that it learned that the real reason Gardecki copied the server onto the external hard drive was to aid Franckowiak, and not for any legitimate reason as he claimed in his December 20 letter.

(E.D. Pa. Apr. 20, 2005); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 (3d ed. 2018) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.").

Here, even assuming the Township's proposed claims satisfy the required elements of Rule 20(a)(2), any connection between the proposed claims against Gardecki and the proposed claims against Franckowiak is minimal, suggesting that joinder would do little to promote judicial economy in these circumstances. First, even if Franckowiak's comments about the Township "motivated" Gardecki to steal the hard drives, there are no allegations that Franckowiak ordered Gardecki to steal the hard drives or even suggested that he should do so. Accordingly, any connection between Franckowiak's alleged statements and Gardecki's alleged theft is attenuated at best. Further, it is undisputed that on April 8, 2016, the Township informed Franckowiak of her termination and she did not work for the Township after that date. Gardecki's alleged theft did not occur until five days later, on April 13, 2016. Even if, as alleged in the Proposed Amended Complaint, when Franckowiak learned of the theft on April 16, 2016, she was still "accepting compensation through April 22, 2016," it is undisputed that by that time her active employment with the Township had ceased.

Further, even assuming, again, that the proposed joinder of Gardecki satisfies the requirements of Rule 20(a), the proposed amendment would cause undue prejudice under Rule 15(a)(2). Under Rule 15(a)(2), "[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). In evaluating prejudice, courts consider, among other factors, "whether allowing an amendment would result in additional discovery,

8
042018

cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Here, discovery has closed on the claims alleged in the initial Complaint. As Franckowiak points out, allowing the proposed claims against Gardecki and against her would require the Court to reopen discovery, and the additional discovery needed would likely be substantial. For example, in order to defend himself against the proposed claims, Gardecki would likely need to serve document requests and interrogatory requests on the Township and conduct multiple depositions. Franckowiak's counsel, in turn, would have to review the documentation produced by such discovery and participate in the depositions. The burden and cost of this additional discovery would cause substantial prejudice to Franckowiak, which would outweigh any judicial economy promised by the joinder and amendment.[3] Accordingly, the Township's Motion to Amend is denied. *See, e.g., Berger v. Edgewater Steel*, 911 F.2d 911, 924 (3d Cir. 1990) (affirming denial of leave to amend when "allowing amendment would inject new issues into the case requiring extensive discovery" after discovery had closed).

## IV. Conclusion

For the reasons set forth above, the Township's Motion to Amend the Complaint is denied. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3] Furthermore, Franckowiak has filed a summary judgment motion that has been fully briefed. Allowing the amendment would require a new round of briefing, further burdening Franckowiak.